# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

United States Courts
Southern District of Texas
**FILED**

NOV 1 2 2024

Nathan Ochsner, Clerk of Court

Clayton Tuttle Brothers

§
§
§
§
§
§
§
§
§
§
§
§
§

Plaintiff,

vs

Civil Action **4:24-cv-04397**

Officer J.D. Wilson et al.,

Defendant.

## MOTION TO FILE UNDER SEAL: DISCLOSURE OF INTERESTED PARTIES

**TO THE HONORABLE COURT:**

Plaintiff, [Your Full Name], respectfully moves this Court for an order permitting the filing under seal of a complete list of interested parties, including but not limited to individuals, entities, banks, financial conduits, securities brokers, and any entities with a direct or indirect financial interest related to this case.

## I. LEGAL BASIS FOR SEALING REQUEST

**1.** Protection of Sensitive Financial and Securities Interests: This case involves allegations that touch upon sensitive financial systems, potential misconduct involving investment securities, market instruments, and corporate and governmental financial relationships. Disclosure of the full list of interested parties may pose risks to market stability and could potentially implicate various securities and trading mechanisms regulated by federal and state authorities. Therefore, in the interest of market stability and to avoid any potential public or economic impact, Plaintiff requests that these disclosures remain confidential.

**2.** Privacy and Security Interests: The filing of all interested parties in a publicly accessible format may inadvertently reveal personal, professional, and proprietary

1

information, particularly concerning financial entities such as banks, investment conduits, insurance entities, and securities brokers that may be implicated as interested parties. These entities are regulated by strict confidentiality laws, and public disclosure may conflict with those protections.

3.    Judicial Discretion and Precedent Favoring Sealing Where Disclosure Risks Harm: Federal Rule of Civil Procedure 26© provides this Court with broad discretion to prevent public disclosure of sensitive information where there is a likelihood of harm. Courts have historically granted such relief to avoid potential threats to market or economic stability in complex civil cases. In Seattle Times Co. v. Rhinehart, 467 U.S. 20, 33 (1984), the U.S. Supreme Court recognized the judiciary's authority to restrict disclosures that may lead to harm, particularly in cases involving sensitive commercial information.

## II. POTENTIAL PUBLIC HAZARD AND ECONOMIC IMPACT

4.    Given the alleged widespread nature of financial and market exchanges potentially implicated, a public disclosure of interested parties could unintentionally create risks to the integrity of securities trading and financial systems, potentially destabilizing certain financial markets. Plaintiff asserts that the purpose of this action is to seek justice for the specific harm caused by Defendants and not to create public hazard or widespread financial impact that might result from a disclosure of interested parties in the public record.

## III. REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that the Court:

5.    Grant Plaintiff's request to file under seal a complete list of interested parties, including all individuals, entities, banks, market exchanges, and other investment conduits connected to this case, due to the sensitive financial, market, and securities nature of the parties involved.

6.    Order that all documents listing or referencing interested parties, particularly those

2

related to financial transactions or securities, remain sealed unless otherwise ordered by the Court, to ensure both the security and integrity of financial markets.

7.   Grant any further relief that the Court deems just and proper, including ongoing confidentiality measures necessary to protect public and economic interests.

Respectfully submitted,

Dated: 11/12/2024

Clayton Tuttle Brothers
3903 Treaschwig Rd
Humble, Texas 77338
832.728.6356
clay@claybrothers.com