United States Courts
Southern District of Texas
FILED

NOV 1 2 2024

Nathan Ochsner, Clerk of Court

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| Clayton Tuttle Brothers | § § § § § | |
| Plaintiff, | § § | |
| vs | § § § | Civil Action **4:24-cv-04397** |
| | § § | |
| Officer J.D. Wilson et al., | § § | |
| Defendant. | § § § § | |

## NOTICE AND REQUEST TO ADD PARTIES TO DOCKET

**TO THE HONORABLE COURT AND CLERK OF COURT:**

**COMES NOW**, Clayton Tuttle Brothers, Plaintiff in the above referenced action and herewith files this Notice and respectfully requests that the Clerk of Court add missing parties to the docket in this case. The herein referenced complaint was filed on November 8, 2024 around 4:30 pm which may have given rise to the innocent truncation of the list of Defendants on the Docket.

Therefore, Plaintiff requests the addition of several Defendants and Relief Defendants named in the initial complaint, who were not included in the docket, to ensure all relevant entities are appropriately represented for complete adjudication of claims and for proper attachment of liability to the correct entities, accounts, and other assets central to the Plaintiff's claims.

## LEGAL BASIS FOR REQUEST

Complete Adjudication and Proper Attachment of Liability (Federal Rules of Civil Procedure 19(a), 20(a)(2)):

Under Federal Rules of Civil Procedure 19 and 20, all parties necessary for complete relief and adjudication should be joined to facilitate an accurate resolution of all claims. Rule 20(a)(2) allows defendants to be joined in one action if they share a common question of law or fact. Here, the claims involve structured financial arrangements, investment conduits, accounting practices, and insurance policies involving bonds and securities where the specified Defendants and Relief Defendants play essential roles.

To ensure liability can be correctly attached to the appropriate person, vessel, cargo, or other property, including but not limited to account(s), investment conduits, insurance policies, bonds, and any interest or "SURPLUS FUNDS" derived therefrom, all relevant parties must be present on the docket. This addition is necessary for liability and relief to be both complete and properly applied as sought in Plaintiff's complaint.

**Necessity for Service and Notice (Federal Rules of Civil Procedure 4, 5):**

Federal Rules of Civil Procedure 4 and 5 mandate that all defendants receive proper service of process and ongoing notice. Failing to list these essential parties may hinder Plaintiff's ability to issue subpoenas, conduct discovery, and ensure that each necessary entity is lawfully served. This addition enables Plaintiff to conduct discovery relevant to financial documents, accounting records, insurance policies, and bonds tied to the "SURPLUS FUNDS" and other liabilities alleged in the complaint, facilitating due process rights and the completion of accurate service.

**Judicial Economy and Comprehensive Relief:**

2

An accurate docket is crucial for judicial efficiency, especially in complex cases involving multiple financial and insurance-related entities. By ensuring that all parties—including accounting entities, investment conduits, bonds, and insurance policy providers—are included from the outset, the Court avoids risks of duplicative proceedings, inconsistent rulings, or partial relief. This request serves the interests of judicial economy, avoids unnecessary delays, and supports the federal policy favoring complete resolution of cases in a single proceeding.

**ORIGINAL PARTIES TO BE ADDED**

**Defendants**

1. **Kim Ogg**, in her official and personal capacity, and

2. **Unknown Surety for Kim Ogg**

3. **Robert Johnson,** in his official and personal capacity, and

4. **Unknown Surety for Robert Johnson**

5. **Marylin Burgess**, Harris County District Clerk, and her Surety Bond(s)

6. **Deputy Clerk, 177th District Court**, in official capacity

5. **Steven Belt**, in both personal and official capacities

6. **James Murphy**, in both personal and official capacities

7. **Edward A. Appelbaum**, in both personal and official capacities

8. **Jamal Scott**, in both personal and official capacities

9. **Tyler Arner**, in both personal and official capacities

10. **John and Jane Doe(s)** (as applicable based on Plaintiff's complaint)

11 **Surety Bonds** for the named officials,

12. **Insurance Providers** associated with the named officials,

**Relief Defendants**

13. **Texas Employee Retirement System (ERS)**: ERS acts as an investment conduit managing public funds for Harris County, utilizing surplus funds and securities-backed investments directly relevant to the claims in Plaintiff's complaint.

14. **Alcohol Monitoring Systems Ltd.**

15. **Texas Comptroller of Public Accounts:** This entity oversees and transfers funds from Harris County to ERS, tied to the investments impacting the claims regarding misuse of public funds.

16. **Cadence Bank, a Division of Bancorp, Inc.**: Cadence Bank manages commercial banking accounts for Harris County, including those that house surplus funds and securities-backed accounts central to Plaintiff's allegations.

17. **AverTest, LLC AKA "Aver Health"**

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that the Clerk of Court promptly add the above-listed Defendants and Relief Defendants to the docket. These entities are essential for the Court to correctly determine liability for complete relief on an as-applied basis, including the attachment of liability to "SURPLUS FUNDS," investment accounts, insurance policies, and bonds, as outlined in the complaint. Accurate docketing is critical to fulfilling procedural and due process requirements, including service of process, the issuance of necessary subpoenas, and comprehensive relief in this case.

Respectfully submitted,

Dated: 11/11/2024

Clayton Tuttle Brothers
3903 Treaschwig Rd
Humble, Texas 77338
832.728.6356
clay@claybrothers.com

4