**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

United States Courts
Southern District of Texas
FILED

NOV 1 2 2024

Nathan Ochsner, Clerk of Court

| | | |
|---|---|---|
| Clayton Tuttle Brothers | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs | § | Civil Action **4:24-cv-04397** |
| | § | |
| Officer J.D. Wilson et al., | § | |
| | § | |
| Defendant. | § | |

**NOTICE OF WITHHOLDING OF CONSENT TO MAGISTRATE JUDGE JURISDICTION**

**TO THE HONORABLE COURT:**

**COMES NOW**, Clayton Tuttle Brothers, Plaintiff, herein and does herewith notify this Honorable Court of the decision to withhold consent to the referral of this case to a United States Magistrate Judge for all purposes, including trial and dispositive motions, under 28 U.S.C. § 636(c)(1). Plaintiff respectfully requests that this case be heard and presided over by a United States District Judge.

### I. BASIS FOR WITHHOLDING CONSENT

**1.  Right to Adjudication by a District Judge**

Under 28 U.S.C. § 636(c)(1), magistrate judges may only conduct proceedings in civil matters with the explicit consent of all parties. Plaintiff exercises their statutory right to withhold consent, ensuring that a United States District Judge presides over all aspects of the case. The importance of this right is underscored in Wellness Int'l Network, Ltd. v. Sharif, 575 U.S. 665, 678-79 (2015), where the Supreme Court highlighted the constitutional protections afforded to Article III judges, including life tenure and salary protection, to ensure judicial independence.

1

**2.   Nature and Complexity of the Case**

This case involves significant constitutional and federal claims, including allegations under the Racketeer Influenced and Corrupt Organizations (RICO) statute (18 U.S.C. §§ 1961-1964) and violations of Plaintiff's rights under the First, Fourth, Fifth, Sixth, and Fourteenth Amendments. These claims implicate complex legal and constitutional questions about the exercise of government power, which warrants oversight by a District Judge, an Article III judge with the authority to set lasting precedent on such critical issues.

**3.   Importance of Judicial Review and Precedent**

The case holds potential implications for federal statutory interpretation, particularly in areas involving governmental misconduct and constitutional rights. Article III judges have the constitutional empowerment to shape precedents impacting nationwide interpretation of the law. For this reason, Northern Pipeline Constr. Co. v. Marathon Pipe Line Co., 458 U.S. 50, 58 (1982), and Stern v. Marshall, 564 U.S. 462 (2011), recognize the importance of Article III judicial oversight in cases with potential precedential value. Plaintiff respectfully requests that this case proceed under the jurisdiction of a District Judge who can render authoritative and binding decisions on these matters.

**4.   Ensuring Impartiality and Public Confidence**

The complex nature of the allegations, including claims of interstate human trafficking, suppression of constitutional rights, and potential abuse of official power, necessitates the impartial oversight of an Article III judge. District Judges, who enjoy constitutional protections of independence, ensure public confidence in judicial proceedings. Given the potential for perceived conflicts of interest or bias in sensitive

governmental misconduct claims, Article III oversight is essential to maintain the integrity of the proceedings.

**THEREFORE**, For the foregoing reasons, Plaintiff respectfully requests that this Court:

5.    Acknowledge Plaintiff's notice of withholding of consent to referral to a Magistrate Judge, and;

6.    Ensure that all proceedings, including trial, dispositive motions, and case management, are presided over by a United States District Judge.

Respectfully submitted,

Dated: 11/12/2024

Clayton Tuttle Brothers
3903 Treaschwig Rd
Humble, Texas 77338
832.728.6356
clay@claybrothers.com

3